UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**MICHAEL STEVEN BAKSI,** )
)
    **Plaintiff,** )
)
v. ) No. 1:06-0051
) Judge Echols
**CHERRY LINDAMOOD, ET AL.,** )
)
    **Defendants.** )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner in the South Central Correctional Facility ("South Central") in Clifton, Tennessee, at the time he filed his complaint.[1] He has since been released from custody. (Docket Entry No. 5).

The plaintiff brings this action under 42 U.S.C. § 1983 against Cherry Lindamood, Warden at South Central, as well as Debra Casteel and Clarence Potts, all of whom appear to have been employed at South Central at the time of the alleged events that gave rise to this action. Plaintiff seeks punitive damages and/or injunctive relief.

The plaintiff asserts that he got into a fight with another inmate on December 26, 2005.[2] (Docket Entry No. 1, ¶ IV, p. 3). According to the plaintiff, the other inmate had a box cutter and

---

[1]This action was transferred to this Court by the United States District Court Western District of Tennessee on July 20, 2006.

[2]The plaintiff also asserts the altercation occurred on "12/27/06," but this date clearly is in error.

cut the plaintiff on the torso and right forearm during the fight. (Docket Entry No. 1, ¶ IV cont., p. II)  The plaintiff makes the following specific allegations, all stemming from the fight: (1) the defendants were negligent because the other inmate possessed a box cutter; (2) the defendants were negligent in not ensuring that the area where the fight occurred was safe for inmates, *i.e.*, there allegedly were no officers present; (3) he has been "scared, accused and ridiculed" because of the incident; (4) he has suffered mental and emotional stress since the fight, but has not been permitted to speak with a psychologist; (5) he was "kicked out of the annex"; (6) good time credits were taken from him; (7) the pay that he received from his prison job was cut because of the disciplinary writeup that he received; and (8) he was denied parole.  (Docket Entry No. 1, ¶ IV cont., pp. II-III).

   The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Because the plaintiff was incarcerated in the Tennessee Department of Correction (TDOC) at the time he filed his complaint, the PLRA's exhaustion requirement applies to him. *See Cox v. Mayer*, 332 F.3d 422, 425, 427-428 (6th Cir. 2003).

   Under the PLRA, a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*,

2

532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). Before the district court may adjudicate any claim set forth in a prisoner-plaintiff's complaint, it must determine first that the prisoner-plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. The prisoner-plaintiff has the burden of demonstrating that he has exhausted his administrative remedies. *Id.*

In the body of the complaint, the plaintiff asserts that he did not exhaust his administrative remedies prior to bringing this action, because "the disposition that [he is] seeking is not relevant at an institution[al] level. (Docket Entry No. 1, ¶ II, p. 2) Although it is unclear what the plaintiff means by this statement, TDOC Administrative Policies and Procedures, Index # 501.01 (May 1, 2004) provide an avenue of redress for each of the plaintiff's claims enumerated *supra*. Therefore, the Court concludes that the plaintiff could have exhausted his administrative remedies prior to bringing this action in district court – he simply did not. Moreover, it does not matter that the plaintiff no longer is incarcerated and cannot avail himself to the administrative remedies that were available to him when he was. There are no futility or other exceptions to the exhaustion

3

requirement under the PLRA. *See Booth*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *Cox*, 332 F.3d at 425, 427-428 (exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies, but has since been released from custody).

For the reasons explained above, this action will be dismissed because the plaintiff failed to exhaust his administrative remedies prior to bringing this action in the district court.

An appropriate Order will be entered.

*[signature]*
Robert L. Echols
United States District Judge